IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| TYSON RICKS, | ) |
|    Plaintiff, | ) ) ) |
| v. | )    CASE NO. 3:24-cv-96-ECM-JTA |
| LEE COUNTY DETENTION CENTER, | ) ) ) |
|    Defendant. | ) |

## REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

Plaintiff Tyson Ricks, an inmate proceeding *pro se*, filed this 42 U.S.C. § 1983 action.[1] (Docs. No. 1, 2.) At the time he filed his Complaint, Plaintiff did not pay the requisite filing and administrative fees, nor did he submit an application for leave to proceed *in forma pauperis*. Thus, on February 27, 2024, the Court issued an Order directing him to do so on or before March 12, 2024. (Doc. No. 3.) The Court specifically cautioned Plaintiff that failure to comply with the February 27 Order by either paying the requisite fees or filing an *in forma pauperis* application would result in a Recommendation that this case be dismissed. (*Id.* at 2.) However, more than three weeks have passed since the imposed deadline, and Plaintiff has done neither.

Because Plaintiff has failed to comply with the Court's Order, the undersigned concludes this case should be dismissed without prejudice. *See Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) (noting that "dismissal upon disregard of an order,

---

[1] This court exercises subject matter jurisdiction over this action based on federal question jurisdiction, 28 U.S.C. § 1331, as Plaintiff alleges a claim under 42 U.S.C. § 1983.

especially where the litigant has been forewarned, generally is not an abuse of discretion") (citations omitted). The authority of courts to impose sanctions for failure to prosecute or obey an order is longstanding and acknowledged by Rule 41(b) of the Federal Rules of Civil Procedure. *See Link v. Wabash R. Co.*, 370 U.S. 626, 629–30 (1962). This authority "is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts." *Id.* It further empowers the courts "to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Id*. at 630–31. In this instance, where Plaintiff has failed to comply despite the Court's clear admonition, the undersigned finds that sanctions lesser than dismissal would not suffice. *See Mingo v. Sugar Cane Growers Co-Op of Fla.*, 864 F.2d 101, 102 (11th Cir. 1989).

Accordingly, based on the foregoing, the undersigned RECOMMENDS that this case be DISMISSED without prejudice.

It is further ORDERED that, on or before **April 19, 2024**, the parties may file objections to this Recommendation. The parties must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made. Frivolous, conclusive, or general objections will not be considered. The parties are advised that this Recommendation is not a final order and, therefore, is not appealable.

Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with 28 U.S.C. § 636(b)(1) will bar a party from a de novo determination by the District Court of legal and factual issues covered in the Recommendation and waive the right of the party to challenge on appeal the District

Court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except on grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11th Cir. R. 3-1. *See Stein v. Reynolds Sec., Inc.*, 667 F.2d 33 (11th Cir. 1982); *see also Bonner v. City of Prichard, Ala.*, 661 F.2d 1206 (11th Cir. 1981) (en banc).

DONE this 4th day of April, 2024.

_____
JERUSHA T. ADAMS
UNITED STATES MAGISTRATE JUDGE